No. 2257.

EMANUEL MORRIS *v.* C. B. HASTINGS ET AL.

1. EXECUTION SALE.—When notice of a judicial sale has not been prop-erly given, if objection be made by defendant in execution without un-necessary delay, the sale may be set aside: if objection be not made in reasonable time, it will be considered as waived.

2. COLLATERAL PROCEEDING—SAME.—In a collateral proceeding it is not essential to the validity of an execution sale that there should have been an advertisement of the property; though if the irregularity is brought about by the fraudulent collusion of the purchaser, and the property sells for a grossly inadequate price, the sale may be avoided as to such vendee and those claiming under him with notice.

3. EXECUTION SALES.—Construing articles 2309 and 2319, Revised Statutes, *held*, that it was not the intention of the Legislature that sales of prop-erty under execution should be void on account of mere irregularities in advertising or in failing to advertise such property, but it was in-tended that the injured party should seek redress from the officer, and this in consideration of the public policy that execution sales should be sustained.

4. SEPARATE PROPERTY.—See opinion for facts *held* not sufficient to es-
tablish with certainty the separate interest of the wife in property con-
veyed to her by deed after marriage.

APPEAL from Starr.   Tried below before the Hon. J. C. Rus-
sell.

*McCampbell & Givens* and *Stanly Welch,* for appellant:  Prop-
erty acquired during coverture is presumed to be community
property, and when claim is made that such purchased property
is separate property of the wife, the claim must be sustained
by proof, showing and tracing directly the purchase of said
property by separate funds—not acquired during coverture.   It
is not enough to merely show that the wife had a few hundred
dollars before marriage, and that six or seven years afterwards
she purchased the property, without tracing said money into
the purchased property.  (Love v. Robertson, 7 Texas, 6; Ep-
person v. Jones, 65 Texas, 425; Wallace v. Finberg, 46 Texas,
44; Mitchell v. Marr, 26 Texas, 329; Green v. Ferguson, 62 Texas,
525; Huston v. Curl, 8 Texas, 239; Heidenheimer v. McKeon,
63 Texas, 229; Schmeetz v. Garey et al., 49 Texas, 49; King v.
Gilleland, 60 Texas, 271.

*Waul & Walker,* for appellees:  The charge was correct.   A
notice of sheriff's sale should describe the property, and should
show that the property was levied on as the property of the
defendant in execution.   A levy must be made upon the prop-
erty as that of the defendant in execution.   (Jackson v. Spink,
59 Illinois, 404; Arnold v. Densmore, 3 Colder, 235.)
    The verdict of the jury has sufficient evidence to support it.

MALTBIE, PRESIDING JUDGE.   This was an action of trespass
to try title, brought by the appellant, Emanuel Morris, against
C. B. Hastings and his wife, Gumecinda P., to recover a house
and three lots upon which it was situated.   On the seventeenth
of March, 1882, Morris recovered a judgment against C. B.
Hastings, upon which execution was issued, and the property
in controversy levied upon and sold by the sheriff of Starr
county, and purchased by Morris, the amount of his bid at the
sale being credited on the execution.   C. B. Hastings and wife
were married in the year 1871, and lived together until her
death, in the year 1885.   The lots in dispute were conveyed to

her by John Vale, on the thirty-first of June, in the year 1879, and the house was built in the same year. After Mrs. Hastings' death, her children were made parties defendant, and claimed that the house and lots were her separate property. On the trial the following charge was given at the request of defendants: "The jury are instructed that if they find from the evidence that the house and lots in question were not levied on by the sheriff as the property of the defendant, C. B. Hastings, but were levied upon as the property of Gumicinda P. Hastings, then a sale under and by virtue of such levy as against the defendants, will not be a valid sale, and you will find for the defendants." This is assigned as error. It does not appear that the property was sold as belonging to Mrs. Hastings; nor is it stated in the levy to whom it did belong. Appellant exhibited a valid judgment and execution against C. B. Hastings, and read in evidence a sheriff's deed, reciting that the property was levied on and sold by virtue of the judgment and execution as the property of C. B. Hastings, and purchased by himself. While the only evidence introduced by appellees on this subject was a notice which was identified by the officer who posted it and made the sale as being one of the notices under which the sale was made, and who also stated that the others were of similar import, which notice recited that the lots were levied on and would be sold as the property of Mrs. Gumicinda Hastings to satisfy appellant's execution against C. B. Hastings. The description in the levy of the property was correct, and the only defect in it is that it does not state that it was levied on as the property of the defendant C. B. Hastings; and the notice also correctly describes the lots, but states that they were levied upon as the property of Mrs. Hastings. When notice of the sale has not been properly given, if application be made by the defendant in execution without unnecessary delay, the sale may be set aside. But the notice of the sale, being for the benefit of the defendant, will be considered waived if not made in a reasonable time. (Freeman on Executions, 286.) And in a collateral proceeding it is not essential to the validity of the sale that there should have been an advertisement of the property. (Howard v. North, 5 Texas, 308, 309.) Though if such irregularity is brought about by the fraud and collusion of the purchaser, and the property sells for a grossly inadequate price, the sale may be avoided as to such vendee and those holding under him with notice. (Stone et al. v. Day, 69 Texas, 13.`

Our Revised Statutes do not provide that sales of land, made by sheriffs or constables under execution, without notice or upon insufficient notice, shall be void. On the contrary, while article 2309 provides that such sales shall be advertised by posting notices, article 2319 declares that any officer who shall sell any property without giving the previous notice herein directed shall forfeit and pay to the party injured not less than ten nor more than two hundred dollars, in addition to such other damages as the party may have sustained. From which we think it is manifest that the Legislature did not intend that sales of property under execution should be declared void on account of mere irregularities in advertising, or a failure to advertise such property, but that the injured party should look to the officer for all damages thus occasioned; it being in the interest of the public that execution sales should be sustained. Nor do we think that it could be inferred from the evidence before the court, which was all in writing, that the lots were either levied on or sold as the property of Mrs. Hastings; and therefore there was error in submitting that issue to the jury. There was a verdict for the defendants, and the sufficiency of the evidence to authorize it is questioned by an appropriate assignment. It is settled law in this State that all property acquired during the marriage is presumed to belong to the community, whether the conveyance is to the husband or wife, or both, and the onus of proving that it is the separate property of either is on the party asserting it. And it has been uniformly held since the case of Love v. Robertson, 7 Texas, 6, down to and including the late cases of King v. Gilleland, 60 Texas, 271, and Epperson v. Jones, 65 Texas, 425, that, in order to show that property purchased during the marriage is the separate property of one of the spouses, the fund with which such property was acquired must be clearly shown to have been the separate property of such person; and this will not be inferred except from circumstances of a conclusive tendency, if at all. C. B. Hastings was the only witness examined in behalf of appellees. He deposed, in substance, that he was married in 1871; that his wife then owned two or three hundred dollars in cash; that he gave her at the time of the marriage over one hundred dollars; that she afterwards engaged in keeping a boarding house and a millinery store on her own account; that he did not know whether she made or lost money in these pursuits; that he had known her to borrow money of her father—how much or what she did with

·it he did not know; that his wife kept her own money. He further testified that the property in controversy was purchased with the separate means of his wife; that she gave one hundred and twelve dollars and fifty cents for the lots, and erected a house on them at a cost of eight hundred dollars; that the purchase was made while he was in New York; that he did not know from what source his wife obtained the four or five hundred dollars, in excess of the amount that she had at the time ·of her marriage, that she expended in erecting the house on the lots. A witness for defendant testified that he had heard Mrs. Hastings say that she made money in keeping her boarding house and in the millinery business also; that he thought she did. This was all the evidence on the subject, and we are of opinion that it does not establish, with that degree of certainty required by the law, that the property in controversy was paid for entirely out of the separate estate of Mrs. Hastings, but in view of another trial abstain from discussing it. We think that the receipt from Porcheller, acknowledging the receipt of money paid by Mrs. Hastings for building the house, and the tax receipts, showing a payment of taxes by her on the property for the years 1880, 1881, 1882 and 1883, were admissible as tending to show an assertion of title by her to the property in her own right, before and after the judgment was obtained against her husband under which the lots were sold. But, for the errors before indicated, we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted February 14, 1888.