No. 6048.

## W. S. RICE *v.* WILL MILLER ET AL.

1. SHERIFF.—Though a sheriff in whose hands a writ of attachment is placed to be executed may have knowledge of the insufficiency of the cause of action on which the writ issued, and that the process of court was applied for in malice against the defendant, it is his duty to execute it, and for doing this he is not liable on his official bond.

2. SAME.—Horses levied on under attachment "as they run on the range" in the county where the levy is made are constructively in custodia legis. If they are removed beyond the county limits by the defendant in attachment having notice of the levy, and without the consent of the officer making the levy, it is the duty of the officer to pursue and capture them, and he is not liable on his official bond for loss that may result from their recapture.

3. ATTACHMENT—DAMAGES.—A defendant in attachment which is wrongfully and maliciously sued out, may recover such actual damages as result to him from being dispossessed of his property, though it may not have been taken by the officer into actual possession if the levy was such as to place it in custodia legis.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

*William W. Flood,* for appellant: The court erred in sustaining the general demurrer of Will Miller to plaintiff's petition and the same should not have been sustained for this: That his said petition alleged the wrongful suing out of a writ of attachment and the levy thereof on his said property, and for the purpose of demurrer said allegation must be taken as true, and all wrongful suing out of a writ of attachment and levy thereof is trespass and cause for damages. (Culbertson v. Cabeen, 29 Texas, 247, 255; Woods v. Huffman, 64 Texas, 98; Pennoyer v. Neff, 95 U. S., 814; Carothers v. McIlhenny & Co., 63 Texas, 138.)

Because if the general demurrer is sustained it defeats the cause of action, and even if the special demurrers were well taken the plaintiff could not avail himself of amendment to cure defect, as in sustaining the general demurrer his whole cause of action is defeated. (Porter et al. v. Burkett et al., 65 Texas, 383.)

The court erred in entering up judgment dismissing plaintiff's suit on Will Miller's demurrers, and emphasized that error in entering up judgment in dismissing said suit on G. C. Wright and his bondsmen's general demurrer, when they relied on a general demurrer, and when both these parties were defendants in said suit, charged as joint *tort feasors,* and a dismissal on general demurrer as to one defendant was good as to all, because judgment on general demurrer defeats the entire cause of action as laid. (Hilliard & Hilliard v. Wilson & Blum, 65 Texas, 287; Culbertson v. Cabeen, 29 Texas, 247, 255.)

*S. B. McBride,* for appellee.

GAINES, ASSOCIATE JUSTICE. The appellant brought this suit against appellees Miller and Wright and the other appellees as sureties on the official bond of Wright as sheriff of Clay county, to recover damages for an alleged wrongful suing out and levy of an attachment and wrongful seizure of a certain stock of horses belonging to him. The petition, among other averments, alleged that defendant Miller brought two suits against him, one in Wichita and another subsequently in Wilbarger county, upon a pretended judgment rendered against him in Iowa, in a suit in which there was no service upon him, and in which he neither appeared nor answered; and at the same time sued out attachments in each of them, upon the grounds "that he was about to move his property out of the State, without leaving sufficient remaining for the payment of his debts." It also averred that the attachments were placed in the hands of Wright, as sheriff of Clay county, and were levied upon a stock of horses belonging to plaintiff, "as they ran in their range in Clay county;" that at the time of the levy he was about to drive the horses to market, but was prevented by the levy from doing so for twenty days. It also alleged that at the end of this time he removed the horses to Caldwell, Kansas, but that one Herron, a deputy under Wright, followed him, took possession of the horses and drove them back into the Indian territory for fifty days. It is not shown that the attachments had been released when the horses were removed. It is further alleged that Miller knew that he had no cause of action against the plaintiff; that plaintiff was not about to remove his property out of the State without leaving a sufficiency to pay his debts, as was known to Miller; that the attachments were

sued out wrongfully and maliciously, for the purpose of injuring and harrassing the plaintiff, and that Wright knew all these facts. The petition also alleged actual damages, and claimed a recovery therefor against all the defendants, as well as for exemplary damages against Miller and Wright. Wright and his sureties filed a joint demurrur to the petition, and Miller demurred separately. Both demurrers were sustained, and plaintiff declining to amend, the suit was dismissed.

We are of opinion that there was no error in sustaining the demurrer of defendant Wright and his sureties. The writs of attachment were valid and regular, and protected the sheriff in making the levy. However full his knowledge may have been of the insufficiency of the cause of action, or of the wrongful and malicious intent of Miller in suing out the attachments, it was his duty to make the levy. As we construe the petition, no actual possession was taken of the horses before plaintiff Rice removed them to Kansas; but the levy was made under article 2293 of the Revised Statutes, by an indorsement upon the writ and notice to the defendant therein. The property, nevertheless, was in the constructive possession of the officer by the levy of the writ, and it became his duty to prevent their removal, and, if removed without his knowledge, to pursue and recapture them. For any loss that resulted to plaintiff by the seizure of the horses after he had driven them off, he can not recover. This was a lawful result from his own wrong, for which he has no cause of action.

But as to the demurrer of defendant Miller, we think the court was in error. If the allegations of the petition were true, the attachment was both wrongfully and maliciously sued out. The effect of the levy, though there was no actual seizure of the horses, was to take them from the control of the plaintiff, and he is entitled to recover such actual damages as resulted to him by being virtually dispossessed of his property during the time the levy was continued in force, provided he can show that the writs were wrongfully issued. If there was malice in issuing the process, he would be entitled to recover exemplary damages, and these are laid at a sufficient sum to give the court jurisdiction.

For the error in sustaining the demurrer of defendant Miller and in dismissing the suit, the judgment is reversed and the cause remanded.     *Reversed and remanded.*