W. C. O. DRISCOLL ET AL. v. W. A. MORRIS ET AL.

No. 112.

1. **Execution Sale—Alias Execution Irregularly Issued, When.** The issuance of an alias execution to another county, to be levied on land there, while the judgment debtor owns personal property in the county where the judgment was rendered, which has not been levied on, and which he has not been called on to point out, constitutes an irregularity.

2. **Same—Alias Execution Should Recite Previous Executions.** An endorsement of "al. execution" on the back of a writ of execution, and a mention in the bill of costs attached to such writ of the items of costs for the issuance of previous executions, is not a compliance with the requirement of the statute, that "when an alias or pluries execution is issued, it shall show upon its face the number of previous executions which have been issued on the judgment."

3. **Same—Irregularities Affect Validity of Sale, When.**—The court did not err in charging that if the jury found that at the sale under the alias execution the land was struck off to the execution plaintiff at a grossly inadequate price, and that the irregularities above mentioned conduced to such inadequacy of price, they should find in favor of the party seeking to have such sale cancelled and annulled; but if the irregularities did not conduce to such inadequacy, they should not find in favor of such party.

4. **Same—Judgment Lien—Right of one Purchasing Subject to.** That a purchaser of land bought it subject to a prior judgment lien thereon, does not preclude him from the right to attack a sale made under the judgment, on the ground of irregularities in such sale, and gross inadequacy of price realized thereat.

5. **Acknowledgment of Deed—Certifying Identity of Grantor.—** The law in force in 1874 did not require that the officer taking the acknowledgment of a deed should certify that the grantor was known to him. Following Watkins v. Hall, 57 Texas, 4.

6. **Practice on Appeal — Assignment of Error. —** Where plaintiff's motion for new trial in the lower court embraced a number of distinct grounds, an assignment of error specifying only that "the court erred in not giving plaintiff a new trial," is too general, and will not be considered.

APPEAL from Montague.  Tried below before Hon. D. E. BARRETT.

*Sparks & Smith*, for appellant J. D. McKinnon.—Mere irregularities in making a judicial sale, when taken in connection with gross inadequacy of consideration, will not alone be held a sufficient ground to vacate such sale, unless the facts show that the identical irregularities conduced to such inadequacy of price.   Allen v. Pierson, 60 Texas, 605.

*West & McGown*, for appellees B. A. McGowan et al., intervenors.—1. The charge of the court complained of by appellant correctly submitted to the jury the law governing the question at issue, viz., did the irregularities prior to the sale cause or tend to cause the inadequacy of the price which the land brought at the sale?   Pearson v. Flanagan, 52 Texas, 267; Pearson v. Hudson, 52 Texas, 361; Chamblee v. Tarbox, 27 Texas, 140; Allen v. Stephanes, 18 Texas, 658; Atchison v. Owen, 58 Texas, 611; Kauffman v. Morriss, 60 Texas, 119.

2. The enormous inadequacy of price the land brought, coupled with the irregularities, makes it unconscionable for Driscoll to hold the land, and the sale ought to be annulled.   Taul v. Wright, 45 Texas, 388; Pearson v. Hudson, 52 Texas, 362; Weaver v. Nugent, 72 Texas, 280; Johnson v. Crawl, 55 Texas, 575.

HEAD, ASSOCIATE JUSTICE.—On the 1st day of August, 1873, judgment was rendered in the District Court for Harris County, Texas, in favor of W. C. O. Driscoll against S. S. Munger for $931.16 in gold, and bearing interest at the rate of 30 per cent per annum from rendition, a copy of which was properly recorded in Montague County on January 12, 1874.

On the 2d day of June, 1874, an execution was issued on said judgment, directed to the sheriff or any constable of Harris County, and was returned unsatisfied, the return stating that no property of defendant was found in said county subject to execution.

On the 1st day of August, 1874, S. S. Munger conveyed the land in controversy to W. C. McGowan by general warranty deed, which was recorded in Montague County, August 24, 1874.

On the first Tuesday in March, 1875, the land in controversy was sold under an execution issued upon the judgment aforesaid, and at said sale defendant W. A. Morris bid it in for the sum of $26.50, and sometime thereafter had a deed made to himself, but at the time of said bid he was the agent of Driscoll, the plaintiff in the execution, and was bidding for him.

This suit was instituted in 1875 by Driscoll against Morris to have the deed to the latter declared a trust in favor of the former.   In this suit McGowan intervened.   Since the filing of his plea of intervention, McGowan has died, leaving the appellees B. A. McGowan, Floyd McGowan, Mary Slaughter, and Josephine Runech as his heirs.   W. C. O. Driscoll has also died, leaving appellant McKinnon and one Margaret Drew as his

only heirs. The last named having released all her interest to McGowan, the plea of intervention by McKinnon at the trial below was prosecuted to recover only a one-half interest in the land. The land at the time of the execution sale aforesaid was worth from $1.50 to $2 per acre, and the price at which it was bid in by Morris was a grossly inadequate consideration therefor.

The verdict of the jury under the charge of the court establishes, that at the time of the issuance of the first execution upon the judgment in favor of Driscoll to Harris County, the defendant Munger had personal property in that county subject to execution sufficient to satisfy the same, but the sheriff did not call upon him for a levy, and he had no opportunity to point out said property. The execution upon which the land was sold did not show upon its face that any previous execution had been issued upon the judgment, and it appeared to have been issued more than one year after the rendition thereof. There was no direct evidence that the irregularities above referred to conduced to the inadequacy of the consideration at which the land was sold.

Upon the verdict of the jury judgment was rendered in the court below cancelling the sheriff's sale of the land, and in favor of the heirs of McGowan for the recovery thereof, from which plaintiff McKinnon appeals. The other defendants claim under Morris, and none of them occupy the position of innocent purchasers, and they have not appealed from the judgment rendered against them. The case has already twice been before our Supreme Court. 53 Texas, 213; 11 S. W. Rep., 532.

The court below gave the following charge to the jury: "If you find from the evidence that said S. S. Munger resided in Harris County, where the judgment in favor of Driscoll against him was rendered, and owned personal property situated in said county subject to execution at the time of the suing out of said execution sufficient to satisfy said judgment, but that said Driscoll, without pointing out said personal property or causing the sheriff to require said Munger to point out said property, sued out the execution to Montague County without the knowledge of said Munger, and caused the land in controversy to be sold under said execution without the knowledge of said Munger, these facts, if you find they are true, would constitute an irregularity."

Appellant in his first assignment complains of this charge, "because there was no testimony to warrant same, and because the same is not the law, and was calculated to mislead and confuse the jury; and because, if an irregularity, could not have injured the rights of appellees nor in any way have affected the sale of the land to the prejudice of the judgment debtor, and is a charge upon the weight of the evidence." The other members of the court are of opinion that none of these objections to the charge are well taken, and we are all of opinion that the charge is not

subject to either of the objections made to it in the propositions presented by appellant under this assignment.

The first proposition by appellant under this assignment is as follows: " Mere irregularities in making a judicial sale, when taken in connection with gross inadequacy of consideration, will not alone be held a sufficient ground to vacate such sale, unless the facts show that the identical irregularities conduced to such inadequacy of price." A subsequent paragraph of the charge completely meets this proposition. This paragraph of the charge is as follows: " If you find from the evidence that the land in controversy, at the sale thereof on the 2d day of March, 1875, when the same was struck off to W. A. Morris as the agent of W. C. O. Driscoll, sold for a grossly inadequate price, and that the irregularities above mentioned conduced to such inadequacy of price, then you will find for the intervenor; but if you find from the evidence that said land did not sell for a grossly inadequate price, or if it did sell for a grossly inadequate price, yet if the irregularities herein before mentioned did not conduce thereto, then you can not find for the intervenor; and the burthen of proof is on the intervenor to show that said land sold for a grossly inadequate price, and that the irregularities above mentioned, or some of them, conduced thereto." We are of opinion that this charge presented the law upon the question involved in the proposition as favorably to appellant as the previous decisions of our Supreme Court would justify. Allen v. Pierson, 60 Texas, 604; McKinnon v. McGowan, 11 S. W. Rep., 532; Irvin v. Ferguson, 83 Texas, 491.

The second proposition submitted under this assignment was as follows: " The trial court should never go out of the record and hatch up theories and charge on general propositions of law when the facts of the case at bar do not support it." It will be observed that the charge complained of only instructed the jury that certain facts therein detailed, if found to exist, would constitute an irregularity. Munger, the defendant in the execution, testified that he had personal property in Harris County sufficient to satisfy the judgment, and that no one called upon him for a levy, and he had no opportunity to point out the same. There is evidence in the record which tends to contradict his statement that he had such property, but none beyond the return of the officer that he was called upon for a levy; and we agree, that if the facts as detailed in the charge constitute an irregularity in law, the evidence was sufficient to sustain the verdict of the jury finding that they in fact did exist, and that this proposition therefore is not well taken.

Appellant in his second assignment of error complains at the action of the court in charging the jury, that the failure of the execution under which the land was sold to show on its face that the judgment had been kept alive by the issuance of previous executions was an irregularity; the ground of objection being, as alleged by appellant, that the execution did

show that two previous executions had been issued, and because, if an irregularity, it could not have injured the rights of either Munger or appellees, and was a charge upon the weight of the evidence. It is recited in the statement of facts, that the execution was in the usual form, except that on its face it made no mention of any previous execution having been issued on said judgment, and did not mention any rate of interest; but the bill of costs attached to the execution contained one item, as follows: "Alias execution, .75; pluries, .75; total, $1.50." And the execution was endorsed as follows: "W. C. O. Driscoll v. S. S. Munger. Al. execution. Issued January 11, 1875."

We are of opinion that the court did not err in holding that these recitals did not comply with paragraph 7 of article 2281 of the Revised Statutes, which says, "When an alias or pluries execution is issued, it shall show upon its face the number of previous executions which have been issued on the judgment;" and we are also of opinion that the charge was not upon the weight of the evidence. It was proper for the court to tell the jury that this failure to comply with the plain requirements of the statute was an irregularity.

Appellant's fourth and sixth assignments complain at the failure of the court in its charge to instruct the jury, that the fact that Driscoll's judgment lien was prior to the sale to McGowan would prevent those claiming under McGowan from setting aside the sale on account of the irregularities and gross inadequacy of the consideration above referred to; but we are of opinion that this is not the law of the case. We do not understand that the fact that appellant's lien may have been prior in time would prevent those owning the land from objecting to irregularities in its sale. They were still interested in its bringing its full value, notwithstanding such prior lien. If, however, they succeeded in setting aside the sale, this would not cancel such lien if it existed, and appellant, unless precluded upon other grounds, could still enforce the same. The land would still remain subject to the judgment. Appellant does not contend that in such case it would be necessary for the owner of the land to tender the full amount of the judgment in order to vacate the sale, nor are we prepared to hold this to be the law had he so contended.

Upon the trial in the court below intervenors offered in evidence as a recorded instrument the deed from Munger to McGowan, the certificate of acknowledgment to which did not recite that the grantor was known to the officer, to which appellant objected. This acknowledgment was taken in 1874, and it has been decided that the law in force at that time did not require the officer to certify that the grantor was known to him, but only required him, in case the grantor was not known, to attach certain proof of his identity. These proofs not being attached to the certificate of acknowledgment, we think it should be presumed that the grantor

was known to the officer, and the acknowledgment therefore be held sufficient. Watkins v. Hall, 57 Texas, 4.

Appellant's only remaining assignment of error is as follows: "Because the court erred in not giving the plaintiff a new trial." Plaintiff's motion for a new trial embraced a number of distinct grounds, and appellees object to our considering it because it is too general, and we think this objection must be sustained under repeated decisions of our Supreme Court. The sufficiency of the evidence to sustain the verdict and judgment is therefore not presented for our consideration; but we do not wish to be understood as intimating that even if it had been so presented we would hold it insufficient. As to this, we do not decide.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Delivered March 9, 1893.