[No. 1613, January 10, 1914.]

ALONZO B. M'MILLEN, Appellee, v. FIRST NA-
TIONAL BANK OF CLOVIS, Appellant.

SYLLABUS (BY THE COURT)

1. Under the decisions of the Supreme Court of Texas, a failure ·to indorse upon an alias or pluries execution the number of previous executions which have been issued on the judgment, as required by sec. 7, art. 3729, Rev. Civ. Stat. Tex. 1911, is merely an irregularity, which does not render the execution and sale thereunder void.

P. 500

2. Statutory provisions as to the order of sale and the manner of making it are for the benefit of the defendant alone and can be waived by him, and, where there are irregularities in this regard, and he does not move promptly, he is considered to have waived them.

P. 501

3. Where a court renders final judgment in a cause, it. has no jurisdiction to proceed further except in carrying out the terms of the judgment, and where that is left to non-judicial officers, their power is fixed by the terms of the judgment, and, when once executed, the power is ended.

P. 502

McMillen v. Bank, 18 N. M. 494.

4. Every person may disregard judicial proceedings which are nullities and without jurisdiction.

P. 502

5. Appellee was not estopped to deny the invalidity of the proceedings had under the third execution, where it is not shown that he caused such execution to issue, or had knowledge of its issuance, or acquiesced therein.

P. 502

Appeal from the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; affirmed.

HARRY L. PATTON, Clovis, N. M., for appellant.

Provisions for sale under Texas statute, sec. 3, art. 3729, Rev. Stats. of Texas; Pierson v. Hammond, 22 Tex. 585; Young v. Smith, 23 Tex. 598; Borden v. Tillman, 39 Tex. 262.

Which was the regular sale? Sec. 7, art. 3729, Rev. Stat. of Texas; art. 2281, Rev. Stat. Texas; Driscoll v. Norris, 2 Tex. Civ. App. 602; 21 S. W. 629; Freeman on Executions, sec. 54; Frankfort Bank v. Markley, 1 Dana 373.

Is plaintiff estopped? 16 Cyc. 795; 16 Cyc. 799; Prudential Real Estate Co. v. Hall, 116 N. W. 40; Kennedy v. Afdal, 82 N. E. 291; Loeb v. Struck, 42 S. W. 401; 16 Cyc. 809.

Can this issue be determined upon collateral attack? Smith v. Perkins, 16 S. W. 805; Moore v. Johnson, 34 S. W. 771; Smith v. Olson, 56 S. W. 568; Taylor v. Snow, 47 Tex. 462; Boggess v. Howard, 40 Tex. 153.

A. B. McMILLEN, Albuquerque, N. M., for appellee.

The alleged omission in the second order of sale was, at most, an irregularity; did not invalidate the sale and the objection could not be raised by appellant. Morris v.

Hastings, et al., 7 S. W. 649; Freeman on Executions, 339; Howard v. North, 5 Tex. 308.

This suit is not a collateral attack upon the Texas case, but is in support of it so far as there was jurisdiction and authority to act. Freeman on Executions, sec. 74; Voorhees v. Bank of U. S., 10 Pet. 477; Blaine v. Charles Carter, 4 Cranch. 328; Wheaton v. Saxton, 4 Wheat. 456; Thompson v. Tolmie, 2 Pet. 157; U. S. v. Arredondo, 6 Pet. 729.

There was no estoppel as to plaintiff, but only as to appellee. 5 Enc. of U. S. Rep. 918; Bein v. Heath, 6 How. 228; Morgan v. Railroad Co., 96 U. S. 716; Merchants Bank v. State Bank, 10 Wall. 604; Leather Manufacturers Bank v. Morgan, 117 U. S. 96.

## STATEMENT OF FACTS.

On February 1, 1909, C. S. McMillen executed to appellant a promissory note for the sum of $861.00, due ninety days after date. To secure the payment of the same he endorsed and delivered to appellant as collateral security a note for $1600, secured by vendor's lien on certain property in the town of Herford, Texas, and also a promissory note for $352.00, dated Oct. 1, 1909, made to said C. S. McMillen by J. W. McMillen. McMillen, failing to pay his note to the bank when due, and the vendor's lien note being past due and unpaid, appellant, together with McMillen and his wife, instituted suit in Deaf Smith County, Texas, against W. A. Price, the maker of the note, to foreclose the vendor's lien. May 30, 1910, the Texas court entered judgment, foreclosing the lien, and directing a sale of the property, and ordered that out of the proceeds of the sale there should be first paid to the First National Bank of Clovis the amount owing it by C. S. McMillen, on the promissory note for which the vendor's lien note was pledged as collateral, and directed the payment of the balance to Mrs. McMillen.

Pursuant to the judgment, an order of sale was issued to the Sheriff of Deaf Smith County, June 21, 1910, which, however, was returned unsatisfied on account of the bidder not complying with his bid; thereafter, on the 12th

day of August, 1910, a second order of sale, or execution was issued, pursuant to which the real estate securing the vendor's lien note was advertised and sold to the First National Bank of Clovis, for the sum of $940.00. The Sheriff's return, in so far as material, reads as follows:—

"And on said 6th day of September, A. D. 1910, between the hours of 10 o'clock A. M. and 4 o'clock P. M., at the court house door of said county, in pursuance to said advertisement, sold said property at public sale to the First National Bank of Clovis, to whom the same was struck off for the sum of $940.00, that being the highest secure bid for the same. And the said First National Bank of Clovis having paid the sum so bid by it, I executed to it a deed for said land. And after first satisfying the Sheriff's costs accruing under this writ, amounting to the sum of $31.30, an itemized bill of which appears below, and the further sum of $11.05 original court costs, the remainder, being the sum of $898.20, was paid to credited on said judgment due said bank by C. S. McMillen and Laura E. McMillen, whose receipt for the same is herewith presented and the writ is hereby returned on this the 7th day of September, A. D. 1910."

On the same day a deed was executed by the Sheriff to said bank, which deed was filed for record March 8, 1911, in the Recorder's office of said Deaf Smith County. The deed contained, among other recitals, the following:

Now, therefore, in consideration of the premises aforesaid, and of the payment of the sum of $940.00 by said purchaser, the receipt of which is evidenced by a credit of that amount on the judgment against said McMillen, in favor of the First National Bank of Clovis, all of which is made clear by reference to the judgment," etc.

Article 3729, Revised Civil Statutes of Texas, 1911, which was introduced in evidence upon the trial of this case in the court below, in so far as pertinent, reads as follows:—

"Requisites of an execution.—The style of the execution shall be, 'The State of Texas.' It shall be directed to the sheriff or any constable of the proper county, and shall be signed by the clerk or justice officially, and sealed with

the seal of the court, if issued out of the district or county court. It shall correctly describe the judgment, stating the court wherein and the time when rendered, the names of the parties, the amount, if it be for money, and the amount actually due thereon, if less than the original amount, the rate of interest, if other than six per cent., and shall have the following requisites: * * * * *

"7. When an alias or pluries execution is issued, it shall show upon its face the number of previous executions which have been issued on the judgment."

The second order of sale did not recite on its face that it was an alias writ, or the number of previous executions. Some ten months after the second sale, the First National Bank of Clovis caused a third execution to issue, in strict compliance with the statute and repurchased the property for $250.00, taking a sheriff's deed therefor.

C. S. McMillen transferred the note executed to him by J. W. McMillen for $352.00 and by him pledged to secure his indebtedness to the First National Bank of Clovis, to the appellee herein. The bank refused to deliver the note, or its proceeds to appellee, claiming that the note for the payment of which it held the same as collateral had not been paid, and that it was entitled to apply the proceeds to the payment of the note. Its contention was upon the assumption that the second execution, under which it purchased the Texas real estate for the sum of $940.00 was void and invalid, and that it acquired no title to the property at the sale thereunder because of such invalidity. That, as it had only bid the sum of $250.00 for the property at the third sale, which strictly complied with the provisions of the statute, such sum did not discharge C. S. McMillen's indebtedness to it.

The trial court held that appellant acquired title by its purchase under the second execution, and was bound by said sale, and gave appellee judgment for the proceeds of the note. From such judgment appellant prosecutes this appeal.

McMillen v. Bank, 18 N. M. 494.

OPINION OF THE COURT.

ROBERTS, C. J.—The vital question in this case, as shown by the facts stated, is, whether the second order of sale was void, because it did not show on its face the number of previous executions which had been issued on the judgment, as required by sub-sec. 7 of article 3729, Revised Civil Statutes of Texas, 1911. If the execution was not void, the sale to appellant resulted in a satisfaction of the judgment, in so far as it directed the sale of the property in question, and a subsequent execution for the sale of the same real estate would be invalid.

"When satisfied, the judgment has fully accomplished its mission, and the preponderance of authority is in favor of disregarding . as absolutely void all proceedings taken subsequently to the satisfaction." Freeman on Executions, (3rd ed.) sec. 19.

At the sale, under the second execution, appellant bid in the real estate at an amount sufficient to satisfy the indebtedness owing it by C. S. McMillen, and received a sheriff's deed therefor, and, such amount so bid, after paying in cash the costs, etc., was credited on the judgment. If this was a valid sale, it resulted necessarily in the payment of McMillen's obligation to the bank and he was entitled to the return of the note in question. The subsequent sale, under the third execution, would be invalid and void and would have no effect whatever upon the rights of the parties to this suit.

Appellant relies . upon the case of Driscol v. Morris, 2 Tex. Civ. App. 602, 21 S. W. 629, where the Court say:—

"Mention of previous executions in a bill of costs attached to an execution is not a compliance with Rev. St. art. 2281, declaring that, when an alias or pluries execution is issued, it shall show 'on its face' the number of previous executions."

A reading of the case, however, will show that the Court approved an instruction, informing the jury that such omission was an irregularity, and also of another instruction advising the jury as follows:—

"But if you find from the evidence that said land did not sell for a grossly inadequate price, or if it did sell for

a grossly inadequate price, yet if the irregularities herein before mentioned did not conduce thereto, then you can not find for the intervenor." Thus clearly indicating that the Court did not intend to, nor hold, that such an omission would render a sale under such an execution invalid.

The authorities all agree that mere irregularities in execution and judicial sales do not make the same illegal, but at most make them only voidable, and then only upon prompt action of the injured party. Morris v. Hastings, et al., (Tex. Sup.) 7 S. W. 649 ; Freeman on Executions, sec. 339.

A later case decided by the Court of Civil Appeals of Texas (Corder v. Steiner, et al., 54 S. W. 277) distinctly holds that a failure to state in the execution the number of executions previously issued does not render the execution void. The Court say:

"Failure to state in the execution the number of executions previously issued did not render the last execution void. It was a mere irregularity."

This question, however, has been settled by the Supreme Court of Texas, contrary to appellant's contention. In the case of Graves v. Hall, 13 Tex. 379, appellant instituted suit to revive a judgment, which appellee resisted on the ground that appellant had not kept the judgment alive by the issuance of executions as required by law; his contention being that the executions subsequent to the first did not purport to be *alias* or *pluries*, etc. The lower court held with appellee, that such executions were nullities, and gave him judgment on his plea of the statute of limitations. The Court say:—

"In support of the judgment we are referred to the cases of Bennett and wife v. Gamble, (1 Tex. R. 124) and Scott & Rose v. Allen, (Id.) 508; neither of these cases, as will be seen, enunciates any such principle as that, where executions have been regularly issued in respect of time, and the judgments and executions are before the court whereby it may be seen that they were so issued, the clerical omission to give them their proper numerical desig-

nation, will warrant their being treated as nullities." The Court further say:

"Though the excutions in question were irregular in point of form, they were not nullities. They might have been amended; and when the Court has before it that which to amend by, a mere clerical omission will be considered as amended; upon the principle, that, as to mere matters of form, for the purpose of sustaining right, that will be considered as done which ought to have been done."

And in the case of Hancock v. Metz, 15 Tex. 205, the same Court say:—

"However irregular a proceeding may have been, the title of the purchaser will not be affected by it, unless the proceeding was absolutely void."

In the case of Morris v. Hastings, supra, the Court say:—

"When notice of sale has not been properly given, if objection be made by the defendant in execution without unnecessary delay, the sale may be set aside. But the notice of sale, being for the benefit of the defendant, will be considered waived if not made in a reasonable time."

The provisions as to the order of sale and the manner of making it are for the benefit of the defendant alone and can be waived by him, and, where there are irregularities in this regard and he does not move promptly he is considered to have waived them. No one else can assert these rights for him, and it must be apparent that even the defendant could not have the proceedings set aside without notice to parties and some regular proceeding authorized by law, and in such manner as to obtain an order from a court having jurisdiction of the subject matter.

If what has been said above is true, then the issuance of the second order of sale, the sale of the land thereunder, the purchase by appellant and the execution of the deed to it were absolutely binding, and the Clerk and Sheriff, having performed their regular duties in the execution of said judgment, had no power to take any further action, nor did appellant have the right to cause the third execution to issue.

Where a court renders final judgment in a cause, it has no jurisdiction to proceed further except in carrying **3** out the terms of the judgment, and where that is left to non-judicial officers, their power is fixed by the terms of the judgment and when once executed the power is ended.

We therefore conclude that C. S. McMillen's obligation to the appellant was discharged by its purchase under the second execution, and that the third execution issued on the judgment was invalid and the sale thereunder void.

Appellant, however, contends that this suit is a collateral attack upon the proceedings in the Texas Court, but in this it is mistaken. Appellee relies upon the judgment, execution and sale by that Court. He contends that such proceedings were regular and valid and relies thereon as a discharge of the indebtedness of his assignor to appellant.

It is true he claims the third execution and sale were **4** void, because of a valid satisfaction of the judgment, in the amount for which the land sold under the second execution, but this third execution and all proceedings under it we have seen were invalid and void; but it is clear that every one may disregard proceedings which are nullities and without jurisdiction.

Appellant further insists that appellee was estopped to deny that the sale under the second execution was invalid, but we do not understand upon what theory the assumption is based. It is well understood that there **5** are three classes of estoppel, viz:—estoppel by record, estoppel by deed, and equitable estoppel or estoppel *in pais*. There was no attempt made to show that C. S. McMillen caused the third execution to issue, or that he had knowledge of its issuance, or acquiesced therein.

For the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.