## WARNE v. GUARANTY STATE BANK OF COLMESNEIL et al. (No. 782.)

(Court of Civil Appeals of Texas. Beaumont. March 15, 1922. Rehearing Denied March 29, 1922.)

1. **Vendor and purchaser** ⊚⟲285(2)—**Omission of county and state in which land affected is located not necessarily fatal to description in judgment foreclosing lien.**

Omission of the county and state in which land is located, is not necessarily fatal to a description thereof in a judgment foreclosing vendor's lien.

2. **Vendor and purchaser** ⊚⟲285(2)—**Agreement in calls of field notes as given in judgment with patent and deed sufficient to identify land.**

Agreement in the calls of the field notes as given in the judgment foreclosing vendor's lien with those given in the patent and deed is sufficient to identify the land as being that covered by the patent.

3. **Vendor and purchaser** ⊚⟲285(2)—**Direction of order of sale to sheriff of named county may be considered in aid of sheriff's deed on foreclosure of vendor's lien.**

As an order of sale can be executed only by the sheriff or other officer of the county where the land is situated, a direction that the order of sale be directed to the sheriff or any constable of a named county may be considered in aid of the sheriff's deed to identify the land as located in such county.

4. **Vendor and purchaser** ⊚⟲285(2)—**Description of land in foreclosure judgment by reference to plaintiff's pleadings held sufficient.**

A judgment of foreclosure of vendor's lien, referring to plaintiff's pleadings in describing the land, *held* sufficient, where the land was fully described in such pleadings.

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Vendor and purchaser ⊜⟹288—Innocent purchaser at sale under judgment finding due service of citation acquires title, though citation not served.**

When a judgment of foreclosure of vendor's lien contains a finding of proper service of citation, a stranger purchasing at a sale thereunder in good faith, without knowledge of any defect in service and at the reasonable market value, acquires title, though there was no service of citation.

**6. Process ⊜⟹34—Citation held sufficient to give notice of intention to foreclose vendor's lien.**

A citation in a suit on vendor's lien notes and to foreclose the lien, copying almost literally the allegations in plaintiffs' petition of trespass to try title, due execution of the notes, sale of the land, reservation of the vendor's lien, etc., *held* sufficient to give notice that plaintiffs were seeking to foreclose the lien.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Suit by Harry C. Warne against the Guaranty State Bank of Colmesneil and others to set aside a judgment. Judgment for defendants, and plaintiff appeals. Affirmed.

Ward & Ward, of Houston, and Coleman & Lowe, of Woodville, for appellant.

Oliver J. Todd, of Beaumont, Carothers & Brown, of Houston, and J. A. Mooney, J. E. Wheat, and R. A. Shivers, all of Woodville, for appellees.

WALKER, J. On February 16, 1920, appellant, a nonresident, filed this suit to set aside a judgment rendered against him on the 18th day of August, 1916, on certain vendor's lien notes executed by him in part payment for the land involved in this suit, and foreclosing a vendor's lien against the land; also to set aside the sheriff's sale and deed under that judgment of foreclosure. His principal contentions—and the only ones necessary to discuss—were that the description of the land as given in the judgment foreclosing the lien was fatally defective, and that the citation, which was by publication, was insufficient to give notice that the plaintiffs in that suit were seeking to foreclose the vendor's lien. At the time the suit was filed, and also at the time of service, appellant was a nonresident.

[1-4] The only criticism of the description of the land is that it did not give the county and state in which the land was located. That omission is not necessarily fatal to the description. Langham v. Gray (Tex. Civ. App.) 227 S. W. 741. On the trial of this cause appellant offered in evidence a patent to certain lands in Tyler county, Tex. The field notes of the land, as given in the judgment, are identical with the field notes in the patent. The field notes call for corners, bearing trees and adjoining surveys. Appellees

assert in their brief, and it is not controverted by appellant, that there are more than 40 calls given in the patent which are identical with the calls as given in the judgment. The deed conveying the land to appellant and reserving the vendor's lien described the land as being situated in Tyler county. This deed was also offered in evidence. The field notes are identical with the field notes in the judgment and patent. We think the agreement in the calls of the field notes as given in the judgment with the field notes as given in the patent and the deed is sufficient to identify the land as being that covered by the patent offered in evidence. But the judgment directed that order of sale be directed to the sheriff or any constable of Tyler county, Tex. As, under the law, an order of sale can be executed only by the sheriff or other officer of the county where the land is situated, the direction as to the issuance of the order of sale can be considered in aid of the deed. Also, removing any doubt as to the sufficiency of the description, in describing the note sued on and the land on which the lien was foreclosed, reference was made to the pleadings of the plaintiff. These pleadings were offered in evidence, and give a full and complete description of the land.

[5] No point was made against anything done or omitted by the sheriff in the sale of the land. In the foreclosure sale it was bought by a stranger to the judgment, who bought in good faith, with no knowledge of any defect in the judgment, and as far as the record shows, paid for the land its reasonable market value. In every sense of the word, he was an innocent purchaser for value, without knowledge of any defect in the judgment. The same thing can be said of those holding under the original purchaser down to McHard & Miller, the present claimants under the foreclosure sale. All the subsequent purchasers under that sale were strangers to the judgment. The judgment rendered against appellant contained a recitation of due service of citation upon him and of his failure to appear in answer thereto.

On these facts, the trial court properly instructed a verdict for McHard & Miller for the land. When the judgment contains a finding of due and legal service of citation on the defendant, a stranger purchasing under an order of foreclosure in such judgment, in good faith and without knowledge of any defect in the service and paying for the land its reasonable market value, acquires title, even though, in fact, there was no service of citation. Seguin v. Maverick, 24 Tex. 531, 76 Am. Dec. 117; Crawford v. McDonald, 88 Tex. 633, 33 S. W. 325; Huckins v. Kapf (Tex. App.) 14 S. W. 1016; Castro v. Illies, 22 Tex. 479, 73 Am. Dec. 277; Harle v. Langdon, 60 Tex. 555; Dean v. Dean (Tex. Civ. App.) 165 S. W. 91; Williams v. Young,

41 Tex. Civ. App. 212, 90 S. W. 940; Holt v. Love, 63 Tex. Civ. App. 65, 131 S. W. 857; Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 542; Morris v. Hastings, 70 Tex. 26, 7 S. W. 649, 8 Am. St. Rep. 570; Carpenter v. Anderson, 33 Tex. Civ. App. 484, 491, 77 S. W. 291; Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 734.

[6] But we believe that the citation in the original suit was good. No question was made by appellant against its due service, but only that it did not give notice by its terms that the plaintiffs were seeking to foreclose a vendor's lien. The citation, in giving the nature of plaintiffs' cause of action, copied almost literally every statement in plaintiffs' petition, except the prayer. It showed (1) that plaintiffs were seeking to recover the land under the usual allegations of trespass to try title; (2) as an alternative plea plaintiffs plead the due execution by appellant of the notes sued on, the sale by them to him of the land involved, the reservation of the vendor's lien against the land to secure the payment of the notes; in fact, every element of plaintiffs' cause of action on the notes and for the foreclosure of the lien was set out in the petition and given in the citation. Appellant concedes that the citation was sufficient to give notice that judgment for the amount of the notes was being sought. The allegations as to the amount of the notes and as to the relief plaintiffs were entitled to on them were no fuller than plaintiffs' allegations as to a vendor's lien.

The judgment of the trial court, instructing a verdict for appellees, is in all things affirmed.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes