COBBS, J.
This suit was filed in the district court of Bandera county by appellants to recover actual and exemplary damages claimed to have been sustained by them by the alleged wrongful ejectment of appellants from certain premises ■ in their possession, and to which they had a contractual right for a given period of time. They alleged that the defendants F. D. Barnes, W.- H. and S. C. Fitzgerald, Henry Stevens (the sheriff), and O. B. Corley, the justice of the peace at Ban-dera, were acting together therein, but the sheriff and justice of the peace were not sued officially, nor were their bondsmen made parties defendant. - -
In’ plaintiffs’ third amended original petition, filed May 28, 1924, upon which they went to trial, are found the following allegations of the plaintiffs’ cause of- action;
*278 “That on or about February 20, 1923, the defendants F, D. Barnes S. O. and W. H. Fitzgerald, O. 0. Oorley, and Henry Stevens, acting together,- with force, made ' a personal and unlawful entry and trespass upon the premises and home of plaintiffs then and there in the actual, adverse, peaceable, and exclusive possession of plaintiffs in the town and county of Bandera and state of Texas, and consisting of the first and lower story of a certain house, rooms and premises known as the Bineoln store property, located upon the north half of lots 58, 59 in range 11, in said 'town of Bandera, which plaintiffs were then and there using as a home and also a restaurant, and without any legal right or writ, and with force, harshness,, and -oppression ejected' the plaintiffs and their three small minor children therefrom, against plaintiffs’ will, without their consent and over their protest, dumping plaintiffs’ household goods, furniture, wearing apparel, and other property and belongings therefrom into the street about the noon hour in the presence and full view of many people, to the shame, humiliation and mortification of the plaintiffs. That said property from which and said place at which plaintiffs were thus unlawfully and forcibly ejected is near the intersection of two public streets, near and in front of a bank, a hotel, and several stores and other public places where people stayed and assembled for business and other purposes,, and many of whom were then and there assembled, and could and did see -this unlawful and humiliating trespass and ejeótment.
“That at the time of said trespass and ejectment the plaintiff Ethel Ferguson was in good health and physical condition, otherwise than being about five months advanced in pregnancy, but was able to and was doing her housework, and also the necessary work of running a restaurant at said time and place. That her condition was then showing and plainly visible, and was known to defendants -or could have been learned by ordinary diligence and inquiry as was defendants’ duty to do, showing her to be in a delicate physical condition, for that reason nervous and weak and subject to illness, prostration, and suffering therefrom. That s.uch forcible entry and ejectment was calculated and did cause her to become nervous, weak, frightened, and sick, as defendants knew, or by the use of reasonable diligence and ordinary care and inquiry could have known would be the’ case, and the result of such trespass and ejectment at the time it was committed, and she, as a result thereof, was made nervous and sick through fright and humiliation, and caused to go to bed and remain where she lingered several days in . said condition, and soon contracted influenza with other complications that rendered her wholly unable to do or perform any housework or other labor until after the birth of the child some four months afterwards, and causing her to sustain and suffer much physical pain and suffering as a result thereof, necessitating and requiring the services and treatment of a physician and the expenditure of large sums for medicine and treatment.
“By reason of said trespass and ejectment, plaintiffs suffered actual damages caused alone by reason thereof, and for *hich defendants are solely responsible, and which would not have been sustained but for said trespass and ejectment in the following items and amounts ⅞ * * making total actual damages sustained and sued for by plaintiffs for which defendants are eáeh and all liable $2,099.75.”
Appellants also sued for exemplary damages in the sum of $5,000.
The amended pleadings of appellants and the several answers of defendants are all too lengthy, if material in the present disposition of this case, to set forth. The question f.or us to decide is, whether in the shape of the testimony in the present case there was any issue of fact to go to the jury. Did the court err in giving the jury a peremptory instruction to find for appellees?
This case was predicated upon and grew out of a suit in the justice’s court for the unlawful detention of real estate.
Article 3944, R. S., was amended in 191S (Acts 4th Called Session of the Legislature, p. 176 [Vernon’s Ann. Civ. St. Supp. 1922, art. 3944]), and such amendment now reads as follows:
“When -the party aggrieved, or his authorized agent, shall file his complaint in writing and under oath with such justice of the peace, it shall be his duty, immediately to issue his citation to the sheriff or .any constable of the county, commanding him to summon the person against whom complaint is made to appear before such justice of the peace at a time and place named in such citation, such time being.not more than ten days nor less than six days from the date of service of such citation; provided,
“That i'f the party aggrieved shall, at the time of filing his complaint under oath, execute a «bond with two or more good and sufficient sureties, to be approved by the justice of the peace, in such an amount as may be fixed by the justice of the peace as the probable amount of the costs of suit and of the damages which may result to defendant in the event the suit has been improperly instituted, and conditioned that the plaintiff will pay defendant all such costs and' damages as shall be adjudged against him, it shall be the duty of the officer serving such citation to place the aggrieved person in possession of the property sued for, unless the defendant shall, within six days-from the service of the citation, execute and deliver to such officer a bond with two or more good and sufficient sureties in an amount double the amount of the bond given by the plaintiff, to be approved by the officer serving such citation and conditioned that the defendant, in case judgment is rendered against him, will pay all the costs of suit and.the reasonable rental or value of the use of the property during the time he has withheld possession of the same from plaintiff to the time of making such bond and, in addition, will also pay the reasonable value or rental of such property while such suit is pending and until it is finally disposed of.”
Appellees gave the requisite bond, but appellants failed to execute the bond required; to entitle them to remain in possession.
*279 S. O. Fitzgerald filed a suit for forcible detainer of certain premises, as be bad legal right to do._ In connection with bis suit be filed a bond in accordance with-law. This is all be did. F. D. Barnes and W. H. Fitzgerald became sureties on the bond of S. C. Fitzgerald, as they bad a legal right to do. O. B. Corley, the Justice of the peafce, took the complaint of S. C. Fitzgerald, as was bis duty, and issued a citation thereon, as be was required to do by law. He placed this citation in the bands of Henry Stevens, the sheriff, in accordance with law. Henry Stevens, the sheriff, received the citation from the Justice of the peace, and served it upon the defendant named therein, appellant Guy Ferguson. This was the plain duty of the sheriff under the law. The plaintiff in the forcible detainer suit having filed a bond as provided by law at the time of the institution of the suit, under the law it became the duty of the sheriff who had served the citation to put the plaintiff in possession of the premises in dispute, unless the defendant presented to said sheriff a bond in double the amount of the plaintiff’s bond. Guy Ferguson did not present such bond to the sheriff within six days after service of the citation, but waited until the eigth day to present a bond. This bond coming too late, the sheriff, under the plain terms of the law, was required to put S. C. Fitzgerald in possession of the premises in dispute. This he could do only by dispossessing Ferguson by removing his effects from the premises.
It is the well-settled rule that courts will not declare a law unconstitutional unless it be plainly violative of the Constitution itself, and it should stand unless it is unconstitutional beyond any reasonable doubt. Trevino v. City of San Antonio (Tex. Civ. App.) 269 S. W. 1068.
It has so often been held that it is an error of law for the court to instruct a verdict that we pass it by with this remark, without citing any authority.
No appeal was taken from the judgment rendered, by the justice of the peace, and no part of the proceedings or citation are before this court for review.
The sheriff, in executing the writ, was acting in his official authority. The writ is fair on its face, and therefore a complete protection to the officer, unless, indeed, he should have acted arbitrarily and harshly, with a bad motive and wrongful intent. Acts 85th Leg. 4th Called Session 1918, c. 83, p. 176; Rountree v. Walker, 46 Tex. 200; Morgan v. Oliver (Tex. Civ. App.) 80 S. W. 111; Mayer v. Duke, 72 Tex. 445, 10 S. W. 565; Blum v. Strong, 71 Tex. 321, 6 S. W. 167; Rice v. Miller, 70 Tex. 613, 8 S. W. 317, 8 Am. St. Rep. 630; Tierney v. Frazier, 57 Tex. 437; Wettermark v. Campbell (Tex. Civ. App.) 57 S. W. 904; Norris v. McCanna (C. C.) 29 F. 757.
There was no error committed by the trial court in admitting the bond conditioned “that the said S. C. Fitzgerald, principal, who has this day filed his complaint under oath against Guy Ferguson for forcible entry and detainer of land and premises fully described in said complaint, will pay to the said Guy Ferguson, defendant, all such damages as may result from.the improper insti-titiop of said suit, and all costs that may be adjudged against him, the said S. C. Fitzgerald, in case it shall be decided that said suit was improperly instituted.” It was conditioned as the law requires. The statute does not prescribe to whom it is to be made payable, and it does not affect its legality that it was made payable to the justice of the peace in whose court the proceedings were held. It inures to the benefit of the aggrieved party.
The evidence is not sufficient to show such a case as would entitle the appellant to any damages resulting in consequence of the conduct of the parties. It is true the proceedings in the justice court may have been somewhat irregular tbemselves, but such questions can only be raised on an appeal. The inquiry is as to whether or not appellants made an issue of fact to be submitted to the jury. Appellants have not definitely and specifically called our attention to such testimony, or presented authorities in point on that question.
The cause of action is predicated on the claim that all the appellees acting together harshly and oppressively committed a tort or trespass, and it devolved upon them to substantiate it by evidence. We do not think appellants have shown any malice or arbitrary action on the part of appellees, in ejecting them, to the extent that it amounted to an actionable tort. That is the fundamental issue here.
Finding no material error assigned, the judgment is affirmed.