**Virgil ACREY, Jr., Appellant,**

v.

**E. G. HENSLEE et al., Appellees.**

No. 6806.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1955.

Ronald Smallwood, San Antonio, for appellant.

Kennedy & Levee, Texarkana, Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellee.

FANNING, Justice.

Virgil Acrey, Jr., sued E. G. Henslee, former Sheriff of Bowie County, Texas, The National Surety Corporation, the surety on the official bond of Henslee, as Sheriff, and Commercial Credit Corporation,

for damages for the alleged conversion of his automobile. Trial was to the court without a jury which resulted in a judgment for defendants. The trial court filed findings of fact and conclusions of law. Virgil Acrey, Jr., has appealed.

Appellant presents one point which reads as follows:

"The trial court erred in denying Appellant a recovery from the Defendants of the value of his automobile, which was converted by the Defendants by a sale thereof effected under the purported authority of a writ of execution which was issued on the same day that the judgment, authorizing the execution, was rendered, and without the plaintiff in such suit having executed or filed any affidavit in accordance with the provisions of either Rule 710 or Rule 628 of the Texas Rules of Civil Procedure."

On February 11, 1952, judgment was entered in cause No. 09798 in the District Court of Bowie County, Texas, in favor of Commercial Credit Corporation, one of the appellees in this cause, against Virgil Acrey, Jr., appellant in this cause, for the sum of $2711.16, interest, costs and for foreclosure of the chattel mortgage lien of appellee Commercial Credit Corporation upon the automobile allegedly converted. At the time of the judgment, the automobile was in the possession of the sheriff of Bowie County, Texas, having previously been sequestered.

On February 11, 1952, the same day of rendition of the judgment, an order of sale, regular on its face, was issued by the District Court of Bowie County, Texas, directing the sheriff in question to sell the automobile in question as under execution. Said sheriff, after duly advertising said sale, sold the automobile in question to Commercial Credit Corporation for the sum of $1002, which amount was credited on the judgment in question. The cash market value of the automobile at the time of the sale was $3,200. The provi-

sions of Rules 628 and 710, Texas Rules of Civil Procedure, were not complied with.

The appellant, Virgil Acrey, Jr., never made any direct attack in cause No. 09798 seeking to set aside the sale of his automobile by virtue of the order of sale having been prematurely issued in said cause, but instead brought a separate suit, No. 011250 (this suit) in the District Court of Bowie County, Texas, against appellees herein, for alleged conversion of his automobile, alleging that twenty days had not elapsed from the date of the judgment, nor had any necessary affidavit been made at the time the order of sale was issued under which said automobile was sold and alleging that said order of sale and the sale resulting therefrom were void and invalid, etc. This appeal is from the judgment rendered in cause No. 011250.

■ We hold that the trial court correctly rendered judgment in this cause (No. 011250) for all appellees, because the order of sale in question (issued in cause No. 09798), although prematurely issued, was not void, and appellant could not successfully collaterally attack such order of sale and resulting sale in question by the action he filed in this suit. See the following authorities: Sydnor v. Roberts, 13 Tex. 598, 600; Boggess v. Howard, 40 Tex. 153, 158; Morris v. Hastings, 70 Tex. 26, 7 S.W. 649; House v. Robertson, Tex.Civ. App., 34 S.W. 640; Id., 89 Tex. 681, 36 S.W. 251.

■ We further hold that the trial court also correctly rendered judgment for appellee Henslee (former sheriff), and for appellee, The National Surety Corporation (surety on said former sheriff's official bond), because the order of sale in question, although prematurely issued, was not void, was regular upon its face, and neither said former sheriff nor his surety can be held liable for said former sheriff's execution of such order of sale under the facts in this case. See the following authorities: Blum v. Strong, 71 Tex. 323, 6 S.W. 167; Rice v. Miller, 70 Tex. 613,

615, 8 S.W. 317; Tierney v. Frazier, 57 Tex. 437; Parker v. Holstead, Tex.Com. App., 255 S.W. 724; Sanders v. Waghalter, Tex.Civ.App., 192 S.W. 1083.

Appellant's point is overruled.

The judgment of the trial court is affirmed.